■ In the Matter of the Claim of FLORENCE SOLOMON, Respondent, against SOLO SLIPPER CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits. The board found that decedent tripped and fell on a city sidewalk and thereby sustained injuries to his head "which, superimposed upon a pre-existing arteriosclerotic heart disease, caused his death from coronary pathology". Appellants contest the finding of accident and assert that decedent's unwitnessed fall was caused by a coronary attack which shortly resulted in his death. There was proof that decedent crossed the street from east to west; that the curb on the west side of the street was broken and uneven and that the edge of a subway grating nearest the curb was an inch and one-half above the sidewalk; and that a large bloodstain was found westerly of the grating and approximately five feet, "or maybe a few inches away on either way", westerly of the curb. Decedent was found "lying or sitting" on the grating, with no pulse and very little heartbeat and died in the ambulance conveying him to the hospital. No autopsy was performed. The hospital report recorded a laceration of the bridge of the nose, an abrasion of the face and nosebleed, and an examining physician noted the presence of blood coming from the nose and mouth. Decedent's brother testified to large amounts of blood upon decedent's body and his clothing and to "a great big clot" at the bridge of his nose. Upon all the proof, the board was warranted in inferring that, rather than slumping or falling to the sidewalk in a heart attack, decedent accidentally tripped and fell forward, striking his face and head with some violence at a point on the sidewalk consistent with the location of the proven curb and sidewalk defects, with the course of decedent's movement and with his height. Claimant's medical expert found such accident fall a "competent producing cause of sudden cardiac death on the basis of pre-existing heart disease, on the basis of first shock effect, pain before lapsing into unconsciousness or loss of blood, and cerebral disturbance due to head injury via the nervous innovation of the heart from the brain". Appellants' expert testified to the probability that death was unrelated to accident but conceded that one "couldn't actually say whether he fell as a result of getting a coronary or whether he tripped" and that if the concededly existent shock was due to trauma, his opinion would "be different as to causal relation". The physical circumstances surrounding this unwitnessed incident afforded "some evidence from which an accident may be inferred" and, therefore, resort may be had to

the presumption provided by section 21 of the Workmen's Compensation Law. (*Matter of Sleator* v. *National City Bank,* 285 App. Div. 393, 396, affd. 309 N. Y. 708.) In the case cited (p. 396) the "rather violent" nature of the fall was noted as among the "indicia of the unusual that would portend the accidental". Although in *Matter of Hoye* v. *City of New York* (268 App. Div. 944) there was no pathological condition which would account for the fall, the case is otherwise in point, it being there held (p. 945): "Claimant's injuries, the place where his body was found and its position, and the inference that may be drawn therefrom, coupled with the presumption of the statute, are sufficient to sustain the finding of an accident." Appellants rely upon *Matter of McCormack* v. *National City Bank* (303 N. Y. 5) but in that case there was found no evidence at all of violent injury whereby the presumption under section 21 might be called into play and it was held that, in any event, the presumption, if otherwise applicable, could not survive the "substantial evidence to the contrary" (§ 21) found in medical evidence that decedent's collapse and death could not have been caused by trauma. In this case neither medical expert denied the possibility of traumatic causation. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.